MEMORANDUM ***
The HT Litigation Trust (“the Trust”) appeals the district court’s order dismissing with prejudice the Trust’s first amended complaint for lack of standing and failure to sue in the name of the real party in interest. We affirm.
“Dismissal with prejudice and without leave to amend is not appropriate unless it is clear, upon de novo review, that the complaint could not be saved by amendment.” Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). On appeal, the Trust contends it should now be permitted (1) to amend its complaint to cure the real party in interest defect by naming the Trustee as a plaintiff; and (2) correct the standing defect by alleging the Trust’s beneficiaries assigned their claims to the Trust in advance of the litigation.
Though the policy in favor of permitting amendment is to be applied with “extreme liberality,” id. at 1051 (internal quotation marks omitted), a party who contends his complaint could be saved by amendment must present such amendment to the trial court either in opposition to the motion to dismiss or in a motion to reopen the judgment under Rules 59(e) or 60(b), see Vincent v. Trend W. Tech. Corp., 828 F.2d 563, 570 (9th Cir.1987). Here, the Trust never notified the district court in its opposition to the motion to dismiss or in a motion for reconsideration that the Trust could amend the complaint to allege that the Trust’s beneficiaries had executed a prelitigation assignment to the Trust.
We also find the district court did not err by denying the Trust’s motion to clarify the judgment. Any ambiguity in the judgment was cured in the district court’s order denying the motion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.